953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Henry REED, et al.; Plaintiffs,
Calvin L. Kirschner, Proposed Intervenor-Appellant,
v.
The COUNTY EXECUTIVE OF WAYNE COUNTY; Local 502-M National
Union of Police Officers, AFL-CIO; Local 1917,
American Federation of State, County &
Municipal Employees, AFL-CIO,
Defendants-Appellees.
 
 No. 91-1760.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1992.
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Calvin L. Kirschner appeals pro se from the denial of a motion for attorneys' fees, that he had filed as a proposed intervenor in a civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The underlying case was brought as a class action by seven black deputy sheriffs from Wayne County, Michigan. The plaintiffs alleged that application and promotion procedures in the sheriff's department discriminated against blacks. A consent judgment was entered in the case on May 11, 1984. On December 29, 1989, the plaintiffs moved to extend the five-year term of the judgment. Kirschner and two other Native American Indians filed a motion to intervene. They argued that the plaintiffs' motion was untimely because it was filed after the expiration of the consent judgment. The plaintiffs subsequently withdrew their motion, and the district court concluded its jurisdiction over the case on March 28, 1991. The court also dismissed the motion to intervene as moot.
 
 
 3
 On April 26, 1991, Kirschner and the other proposed intervenors filed a petition for attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). The court denied this petition on May 24, 1991, because the proposed intervenors had not been parties or prevailing parties in the underlying action. It is from this judgment that Kirschner now appeals.
 
 
 4
 The district court did not abuse its discretion in the present case because Kirschner was not a party to the suit. His motion to intervene was dismissed on March 28, 1991. No appeal was taken from that order, which was made retroactive to May 11, 1989. Thus, the question of Kirschner's status as an intervening party was expressly decided against him a month before the petition for attorneys' fees was filed. In addition, like the plaintiffs' motion to extend, Kirschner's motion to intervene was not filed until after the court's jurisdiction over the judgment had expired.
 
 
 5
 Kirschner also argues that the court recognized his status as a party in an order supplementing the consent judgment. However, that order does not refer to Kirschner as a party. Moreover, the proposed intervenors did not rely on the order in either their motion to intervene or their petition for attorneys' fees. Therefore, we will not consider Kirschner's argument regarding the supplemental order because that argument was not clearly presented to the district court. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.